UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 5:06-cr-22(S1)-Oc-10GRJ

WESLEY TRENT SNIPES

## UNITED STATES' RESPONSE IN OPPOSITION TO SNIPES'S MOTION FOR BAIL PENDING RULE 33 MOTION

The United States of America opposes defendant Wesley Trent Snipes's amended motion for bail pending his to-be-filed motion for a new trial pursuant to Fed. R. Crim. P. 33 based on newly discovered evidence; specifically: (1) an e-mail purporting that some jurors had thought that he was guilty at the outset of the trial and had not thought that he would go to prison (along with a second e-mail also stating the latter); and (2) evidence that the United States Attorney's Office for the Southern District of New York recently filed a sealed criminal complaint alleging various financial crimes against witness Kenneth Starr. (Doc. 529.) The e-mails are the subject of Snipes's first and second motions to interview jurors (Docs. 527, 530), and both the e-mails and the Starr case assertedly will be the subject of Snipes's new trial motion. Because this Court has indicated that it will reserve ruling on all of the motions until they are fully briefed and this Court receives the mandate (Doc. 533), we file this response to apply the criteria for granting bail pending a new trial motion, appeal, or petition for writ of certiorari for this Court's consideration in the event that this Court ultimately rules upon the bail motion before the new trial motion.

As an initial matter, Snipes cites 18 U.S.C. § 3143(b) and Fed. R. Crim. P. 46(c) as the bases for granting him bail pending his new trial motion (Doc. 529 at 1), but section 3143(b) addresses only bail pending appeal or a petition for writ of certiorari, and Rule 46(c) addresses only bail pending sentencing or appeal. Neither addresses

bail pending a new trial motion, and, thus, neither applies here.  Snipes also seeks to invoke this Court's "inherent authority," but he does not provide any case holding that district courts have inherent authority outside of the Bail Reform Act to grant bail pending a new trial motion, and it is not at all clear that they do.  See Bolante v. Keisler, 506 F.3d 618, 619-21 (7th Cir. 2007) (canvassing law on inherent authority to grant bail in habeas and immigration context); Mapp v. Reno, 241 F.3d 221, 224-29 (2d Cir. 2001) (same).[1]

But even assuming that district courts have such inherent authority, it necessarily would be governed by even more stringent criteria than that in section 3143(b) and Rule 46(c) because the movant, unlike a pre-trial detainee or pre-appeal defendant, has already been convicted of a crime, has already been sentenced for it, and has already had both his conviction and sentence affirmed.  In other words, he already has had his day in court and then some.  At a minimum, therefore, the criteria for bail pending a habeas corpus petition would apply by analogy; that is, to obtain bail, the defendant would have to show both:  (1) a likelihood of success on the merits of a substantial claim; and (2) that extraordinary and exceptional circumstances exist that make release necessary to preserve the effectiveness of the relief sought.  Gomez v. United States, 899 F.2d 1124, 1125 (11th Cir. 1990).

Snipes has not shown either; indeed, he does not contend that extraordinary and exceptional circumstances exist here, and the record does not reveal any even approximating that threshold.  This Court should deny Snipes's bail motion on that basis alone.

---

[1] Snipes cites three extra-district cases for his assertion that "[t]here is precedent for giving a defendant bail pending the litigation of his motion for new trial." (Doc. 529 at 6 (citing United States v. Pelullo, No. 94-276(DRD), 2010 WL 2629080 (D.N.J., June 25, 2010), United States v. Ostrer, 422 F. Supp. 93 (S.D.N.Y. 1976), and United States v. Jasin, No. CR 91-602-08, 2000 WL 1886576 (E.D. Pa. Dec. 11, 2000)).  Those cases merely assume without discussing authority to grant bail pending a new trial motion.

Regardless, Snipes has not met the less stringent–but still substantial–burden of overcoming the presumption that he should be incarcerated by showing that his new trial motion will raise "a substantial question of law or fact." Cf. 18 U.S.C. § 3143(b); United States v. Giancola, 754 F.2d 898, 900-01 (11th Cir. 1985).  For our authority and analysis on that point, to avoid repetition, we assert and incorporate our response in opposition to Snipes's first and second motions to interview jurors (Doc. 532), and our response in opposition to Snipes's new trial motion, which, per this Court's order (Doc. 533), we will file 20 days after service of the new trial motion.

Likewise, Snipes has not met his burden of overcoming the presumption that he should be incarcerated by showing that his petition for panel or en banc rehearing will raise "a substantial question of law or fact."  See 18 U.S.C. § 3143(b); Giancola, 754 F.2d at 900-01.  The standards for panel rehearing are high, see Fed. R. App. P. 40; 11th Cir. I.O.P. 2 ("A petition for rehearing is intended to bring to the attention of the panel claimed errors of fact or law in the opinion.  It is not to be used for reargument of the issues previously presented[.]") (emphasis in original), and for en banc rehearing even higher, see Fed. R. App. P. 35(a) (en banc determination ordinarily will not be ordered unless "necessary to secure or maintain uniformity of the court's decisions" or "the proceeding involves a question of exceptional importance.").

In his petition for panel or en banc rehearing, now-filed, Snipes makes two arguments:  (1) this Court abused its discretion by denying him a pre-trial evidentiary hearing on the issue of venue; and (2) this Court plainly erred by instructing the jury that venue was controlled by the preponderance-of-the-evidence standard as opposed to the beyond-a-reasonable-doubt standard.  (See Attachment A-Petition.)  He does not assert that panel rehearing is necessary because the panel made an error of fact or law, or that en banc rehearing is necessary to secure or maintain decisional uniformity; he

3

asserts only that his two arguments are of exceptional importance. (See Attachment A-Petition). They are not.

The Eleventh Circuit rightfully was dismissive of Snipes's first argument because, as this Court recognized, that argument essentially claimed a heretofore unrecognized right to a bench trial before a jury trial on a factual issue that could not be reconciled with Supreme Court precedent. See United States v. Snipes, No. 08-12402, 2010 WL 2794190, at *7-*8 (11th Cir. July 16, 2010) ("This claim purportedly has a constitutional dimension. . . . Indeed, it would not have been proper for the district court to find the appropriate venue in a pretrial evidentiary hearing."); Costello v. United States, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits.").

It is inconceivable that the Eleventh Circuit would grant rehearing on the second argument because, as independent reasons: (1) Snipes did not even raise the argument in this Court, and in fact invited it and therefore waived appellate review of it, by agreeing to this Court's preponderance-of-the-evidence jury instruction, see United States v. Frank, 599 F.3d 1221, 1240 (11th Cir. 2010) ("[W]hen a party agrees with a court's proposed instructions, the doctrine of invited error applies, meaning that review is waived even if plain error would result."); or, at a minimum, is subject to the exacting plain error standard of review, which he cannot satisfy, see United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir. 2005) (plain error exists only if there is error, the error is plain, the error affects the defendant's substantial rights, and the error seriously affects the fairness, integrity or public reputation of a judicial proceeding); and (2) Snipes did not adequately raise the argument in the Eleventh Circuit in his principal brief–and therefore abandoned appellate review of it–by not designating it as an issue and then mentioning it only in a footnote (see Attachment B-Brief Excerpt); indeed, the Eleventh

Circuit must have deemed it abandoned because the Eleventh Circuit did not address it in its opinion, as it had every issue that Snipes actually had presented, see Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (appellant abandons issue by failing to argue it in brief; "The Federal Rules of Appellate Procedure plainly require that an appellant's brief 'contain, under appropriate headings and in the order indicated . . . a statement of the issues for review.'") (quoting Fed. R. App. P. 28(a)(5)).

In any event, every court of appeals has held that the preponderance-of-the-evidence standard applies. See United States v. Salinas, 373 F.3d 161, 163 (1st Cir. 2004); United States v. Gonzalez, 922 F.2d 1044, 1054 (2d Cir.), cert. denied, 502 U.S. 1014 (1991); United States v. Perez, 280 F.3d 318, 330 (3d Cir.), cert. denied, 537 U.S. 859 (2002); United States v. Robinson, 275 F.3d 371, 378 (4th Cir. 2001), cert. denied, 535 U.S. 1006 (2002); United States v. Strain, 396 F.3d 689, 692 n.3 (5th Cir. 2005); United States v. Crozier, 259 F.3d 503, 519 (6th Cir. 2001), cert. denied, 534 U.S. 1149 (2002); United States v. Muhammad, 502 F.3d 646, 652 (7th Cir. 2007), cert. denied, 128 S. Ct. 1104 (2008); United States v. Johnson, 462 F.3d 815, 819 (8th Cir. 2006); United States v. Pace, 314 F.3d 344, 349 (9th Cir. 2002); United States v. Cryar, 232 F.3d 1318, 1323 (10th Cir. 2000), cert. denied, 532 U.S. 951 (2001); United States v. Stickle, 454 F.3d 1265, 1271-1272 (11th Cir. 2006); United States v. Morgan, 393 F.3d 192, 195 (D.C. Cir. 2004). And the Supreme Court repeatedly has denied petitions for a writ of certiorari seeking review of the issue. See, e.g., Rommy v. United States, 552 U.S. 1260 (2008) (petition at 2008 WL 354082); Robles v. United States, 541 U.S. 1044 (2004) (petition at 2004 WL 838122).

In short, this Court should deny Snipes's bail motion because he has not shown either that extraordinary and exceptional circumstances exist or that his new trial motion will raise a substantial question; and should not continue Snipes's bail pending the issuance of the mandate or certiorari review because he has not shown that his petition for panel or en banc rehearing raise a substantial question.

WHEREFORE, the United States respectfully asks this Court to deny, without an evidentiary hearing, Snipes's motion for bail pending his new trial motion.

Respectfully submitted,

A. BRIAN ALBRITTON
United States Attorney

By: *s/ Robert E. O'Neill*
ROBERT E. O'NEILL
Assistant United States Attorney
Chief, Criminal Division
Florida Bar No. 0105155
400 North Tampa Street, Suite 3200
Tampa, Florida  33602
Telephone:  (813) 274-6337
Facsimile:  (813) 274-6108
E-mail:  robert.O'Neill@usdoj.gov

PATRICIA D. BARKSDALE
Assistant United States Attorney
Florida Bar No. 096326
300 North Hogan Street, Suite 700
Jacksonville, FL  32202
Telephone:  (904) 301-6300
Facsimile:  (904) 301-6310
E-mail:  patricia.barksdale@usdoj.gov

JEFFREY A. McLELLAN
Trial Attorney
U.S. Department of Justice
Tax Division
P.O. Box 972
Washington, D.C.  20044
Telephone:  (202) 514-5181
Facsimile:  (202) 514-8455
E-mail:  jeffrey.a.mclellan@usdoj.gov

U.S. v. SNIPES                                          Case No. 5:06-cr-22(S1)-Oc-10GRJ

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

> Counsel for Wesley Trent Snipes:
> Daniel R. Meachum
> Kanan B. Henry
> Linda G. Moreno
> Carmen D. Hernandez

*s/ Robert E. O'Neill*
ROBERT E. O'NEILL
Assistant United States Attorney
Chief, Criminal Division
