UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA,

-vs-                                                                  Case No. 5:06-cr-22-Oc-10GRJ

WESLEY TRENT SNIPES,
_____/

**ORDER DENYING DEFENDANT SNIPES'**
**MOTION FOR BAIL PENDING CERTIORARI**

The recent history and present posture of the case is this. On July 16, 2010, the Court of Appeals affirmed the Defendant's conviction and sentence in all respects. United States v. Snipes, 611 F.3d 855 (11th Cir. 2010). Several days later, the United States filed a motion to revoke Snipes' bail (Doc. 526). Defendant Snipes also filed several motions: a motion for permission to interview jurors (Doc. 527); a second motion to interview jurors (Doc. 530); a motion for bail pending a Rule 33 motion for a new trial (Doc. 529); and a motion (Doc. 538) and amended motion (Doc. 541) under Rule 33, Federal Rules of Criminal Procedure, for a new trial. All of these motions were filed in this Court before the Court of Appeals had issued its mandate.

On September 29, 2010, the Court of Appeals denied a petition for rehearing and rehearing *en banc*, and the mandate was issued on October 7, 2010 (Doc. 556). This Court then conducted a hearing on all pending motions and later entered an Order on November 19, 2010 (Doc. 563). That Order denied all of Snipes' motions and granted the Government's motion to revoke bail, finding that the Bail Reform Act does not

provide for bail pending appeal from the denial of a motion for a new trial. United States v. Kelly, 790 F.2d 130, 139 (D.C. Cir. 1986). See also Cherek v. United States, 767 F.2d 335, 337-38 (7th Cir. 1985).[1]

The Order of November 19 also contained a statement that: "[t]o the extent that the Court has inherent discretion to grant bail pending an application for certiorari and/or an appeal from denial of a post-affirmance motion for a new trial, the Court would, and does, exercise that discretion against granting any further delay in the execution of the judgment entered over two and a half years ago." (Doc. 563, page 16).

The Defendant Snipes has now filed a motion for bail pending certiorari (Doc. 566), and correctly points out that the foregoing statement in the Order of November 19 (Doc. 563) contained a mistake of law, namely, that bail pending application for certiorari is not a matter of inherent discretion but continues to be governed by the Bail Reform Act, 18 U.S.C. § 3143(b).[2] See Morrison v. United States, 486 U.S. 1306, 108 S.Ct. 1837 (1988) (Order by Chief Justice Rehnquist as Circuit Justice).

It is clear, therefore, that Defendant Snipes is entitled to fresh consideration of his present motion for bail pending certiorari (Doc. 566) applying the statutory standards itemized in § 3143(b).

---

[1] The Order (Doc. 563) directed Defendant Snipes to self surrender upon notice from the United States Marshal or the Bureau of Prisons specifying where, when and to whom he should report for that purpose. He presently remains at liberty, but has been given notice from the Marshal (Doc. 569) to report on December 9, 2010 to FCI McKean, Lewis Run, Pennsylvania.

[2] The statute expressly applies to any convicted offender "who has filed an appeal or a petition for a writ of certiorari. . . ."

Under the statute, to be entitled to a continuation of his conditions of bail pending certiorari, the Defendant must demonstrate two things: (1) that he is neither a flight risk nor a danger; and (2) that his petition is not for purposes of delay and raises a "substantial question of law . . . likely to result in reversal [or] an order for a new trial . . . ." 18 U.S.C. § 3143(b)(1)(A), (B). For present purposes, the Court will assume that the Defendant poses no risk of flight or danger to others, and that his contemplated petition for certiorari will not be interposed for purposes of delay.[3] The Court will focus instead upon the ultimate statutory requirement that the petition must raise a substantial question or questions of law likely to result in a reversal or a new trial.

## The Issues To Be Raised By The Petition

The Defendant represents in his motion and supporting papers that he intends to seek certiorari and will present two distinct issues for Supreme Court review. He describes the first issue as follows (Doc. 566, page 8):

> First, Mr. Snipes will seek certiorari on the novel and substantial issue – preserved at every level in this case – of whether (as the court of appeals held) the trial jury is the sole constitutionally competent authority to decide whether venue has been correctly laid by the government (and the Grand Jury) under the Sixth Amendment.

The second issue Defendant Snipes proposes to present in his petition for certiorari is described in his motion papers as follows (Doc. 566, page 9):

---

[3] Given these assumptions, there is no need for an evidentiary hearing; the remaining issues present pure questions of law. Neither is there any need for oral argument concerning these issues of law. The motion papers and briefs adequately inform the Court with respect to the governing principles.

Second, there is a conflict in Circuit authority on the question whether the issue of venue, when placed before the jury for decision, should be resolved by a mere preponderance of the evidence (as this Court instructed, and the Court of Appeals affirmed) or beyond a reasonable doubt.

### A. Submission of the Venue Issue To the Jury

Apart from the total absence of any cited authority in support of the claim, the most conspicuous aspect of this issue – as presently framed by Defendant Snipes – is the fact that it misstates the holding of the Court of Appeals and makes an argument that was never presented to that court. The claim that <u>was</u> presented in this Court and to the Court of Appeals was a straightforward assertion described by the Court of Appeals as follows (611 F.3d at 865):

> Snipes also argues that the district court abused its discretion by not conducting a pretrial evidentiary hearing – essentially, a bench trial – on venue. He says that a pretrial evidentiary hearing was essential because, if the choice of venue were improper, a jury sitting in the Middle District of Florida would be the wrong decision-maker to decide the question. This claim purportedly has a constitutional dimension: Snipes submits that by denying a pretrial evidentiary hearing, the district court forced him to choose between presenting the best evidence – his own testimony – on this disputed fact and invoking his Fifth Amendment privilege against self-incrimination.

Contrary to Defendant Snipes' present description of his claim, the Court of Appeals never held – explicitly or implicitly – that "the trial jury is the sole constitutionally competent authority to decide whether venue has been correctly laid . . . ." (Doc. 556, page 8). Rather, the Court merely held that there was no justification for a pretrial determination of venue issues (611 F.3d at 866); it said nothing to suggest

that the district court was foreclosed from considering the issue as a part of, for example, a Rule 29 motion for judgment of acquittal made at the conclusion of the Government's case in chief.[4]

It is also noteworthy that Defendant Snipes presently makes no suggestion that he intends to pursue the Fifth Amendment argument that <u>was</u> made to, and decided by, the Court of Appeals (611 F.3d at 865-867); and neither does he argue that his constitutional venue rights were violated by commencing the trial itself. This is not a case, in other words, like those involving claims of former jeopardy,[5] or claims of mental incapacity,[6] in which the constitutional interest involved would be lost or infringed by the mere commencement of trial.[7] Here, Defendant Snipes' constitutional complaint is the

---

[4]The cases universally recognize that a motion for judgment of acquittal under Rule 29, Federal Rules of Criminal Procedure, is the correct procedural mechanism for raising and preserving venue objections for decision by the district court. See e.g., United States v. Novak, 443 F.3d 150, 161 (2d Cir. 2006); United States v. Strain, 407 F.3d 379, 379-80 (5th Cir. 2005); United States v. Ebersole, 411 F.3d 517, 526 (4th Cir. 2005), cert. denied, 546 U.S. 1139, 126 S.Ct. 1142 (2006).

[5]See Abney v. United States,431 U.S. 651, 661, 97 S.Ct. 2034, 2041 (1977) ("[T]he guarantee against double jeopardy assures an individual that, among other things, he will not be forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense. It thus protects interests wholly unrelated to the propriety of any subsequent conviction.").

[6]See Cooper v. Oklahoma, 517 U.S. 348, 354 and n. 4, 116 S.Ct. 1373, 1377 and n. 4 (1996) ("We have repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process. . . .  Indeed, the right not to stand trial while incompetent is sufficiently important to merit protection even if the defendant has failed to make a timely request for a competency determination.") (internal quotations and citations omitted).

[7]The Court of Appeals recognized this distinction when it dismissed Defendant Snipes' interlocutory appeal seeking review of this Court's denial of his venue motion: "The claims in this
(continued...)

asserted absence of a judicial determination of venue issues short of submitting those issues to a jury in the disputed forum – not the holding of a trial up to the point of jury consideration – and, here again, the availability of a Rule 29 determination is an established and adequate remedy for that claim.

The Court concludes without hesitation that Defendant Snipes' first issue utterly fails to "raise a substantial question of law likely to result in reversal [or] an order for a new trial . . . " (18 U.S.C. § 3143(b)(1)(B)), and his motion for bail pending certiorari as to that issue is due to be Denied.

### B. Proof of Venue By a Preponderance of the Evidence

This is a provocative claim whose time may come, but that time has not yet arrived in the body of this case because the issue has not been preserved for review.[8]

---

[7](...continued) case are unlike cases involving the right not to be subjected to double jeopardy and similar rights which would be lost by going to trial. In this case, Appellant's claim can be adequately reviewed and any rights vindicated on direct appeal." (Doc. 366, page 3, n. 1).

[8] The Court characterizes the claim as "provocative" because of the line of Supreme Court decisions culminating in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), dealing with the burden of proof (and the right to trial by jury) regarding sentencing issues in criminal cases. While clearly distinguishable from this case, which involves no enhancement of sentence, Booker and its antecedents may provide a basis for argument that proof beyond a reasonable doubt is a plenary Sixth Amendment requirement. As of now, however, every single Circuit has adopted the rule that venue in a criminal case may be proved by a preponderance of the evidence; there is no Circuit split on this issue. See e.g., United States v. Scott, 270 F.3d 30, 34-35 (1st Cir. 2001), cert. denied, 535 U.S. 1007, 122 S.Ct. 1583 (2002); United States v. Gonzalez, 922 F.2d 1044, 1054 (2d Cir.), cert. denied, 502 U.S. 1014, 112 S.Ct. 660 (1991); United States v. Perez, 280 F.3d 318, 330 (3d Cir.), cert. denied, 537 U.S. 859, 123 S.Ct. 231 (2002); United States v. Ebersole, 411 F.3d 517, 525(4th Cir. 2005), cert. denied, 546 U.S. 1139, 126 S.Ct 1142 (2006); United States v. Strain, 396 F.3d 689, 692 n. 3 (5th Cir. 2005); United States v. Zidell, 323 F.3d
(continued...)

To begin, no objection was made in this Court at any time before, during, or after the trial concerning the instructions to the jury on this point, and the Defendant's own proposed jury instruction on venue (Doc. 395, pages 1-2) made no mention of the burden of proof.

It follows that the issue could have been presented to the Court of Appeals only on a claim of plain error under Rule 52(b), Federal Rules of Criminal Procedure. And, in order to establish plain error, Defendant Snipes would have been required to satisfy the elements of United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770 (1993), one of which is that the challenged ruling must be shown to be contrary to clearly established law. See 507 U.S. at 734, 113 S.Ct. at 1777. See also United States v. Humphrey, 164 F.3d 585 (11th Cir. 1999). Here, of course, the clearly established law in every Circuit supported the jury instruction as given. See footnote 8, supra. By definition, therefore, there was no plain error subject to correction in the Court of Appeals.[9]

---

[8](...continued)
412, 420-21 (6th Cir.), cert. denied, 540 U.S. 824, 124 S.Ct. 178 (2003); United States v. Muhammad, 502 F.3d 646, 652 (7th Cir. 2007), cert. denied, 552 U.S. 1144, 128 S.Ct. 1104 (2008); United States v. Johnson, 462 F.3d 815, 819-20 (8th Cir. 2006), cert. denied, 549 U.S. 1298, 127 S.Ct. 1859 (2007); United States v. Delgado, 545 F.3d 1195, 1205-06 (9th Cir. 2008), cert. denied, 129 S.Ct. 1383 (2009); United States v. Cryar, 232 F.3d 1318, 1323 (10th Cir. 2000); United States v. Stickle, 454 F.3d 1265, 1271-72 (11th Cir. 2006); United States v. Lam Kwong-Wah, 924 F.2d 298, 301 (D.C. Cir. 1991), cert. denied, 506 U.S. 901, 113 S.Ct. 287 (1992). In addition, the Supreme Court has denied petitions for certiorari seeking review of this very issue. See Elgindy v. United States, ___ U.S. ___, 130 S.Ct. 83 (2009); Rommy v. United States, 552 U.S. 1260, 128 S.Ct. 1681 (2008); Robles v. United States, 541 U.S. 1044, 124 S.Ct. 2196 (2004).

[9]It should also be noted that the claim of error in this instance does not involve a structural
(continued...)

But there is more. Not only was the issue of the burden of proof on venue withheld from a ruling by the district court, neither was it ever properly raised in the Court of Appeals. The point was not listed in Appellant Snipes' statement of the issues in his opening brief (see Doc. 535-2, page 2), and was never argued in the body of the brief or in his reply brief. There was passing mention of the issue in a footnote (see footnote 22, page 29 of Appellant Snipes' opening brief, Doc. 535-2), but the footnote ended with the curious declaration that: "Accordingly, appellant raises and preserves the issue for review at another level."[10]

Then, after the appeal was lost, Appellant Snipes raised for the first time in a petition for rehearing and rehearing *en banc* (Doc. 535-1) the point he now wishes to take to the Supreme Court – that venue must be proved beyond a reasonable doubt.

---

[9](...continued)
defect (in which event plain error analysis is inapplicable). Rather, this is a case like United States v. Marcus, ___ U.S. ___, 130 S.Ct. 2159, 2166 (2010), where "a proper jury instruction might well avoid harm."

[10]From this, an argument could well be made that Defendant Snipes not only forfeited his claim on this issue for a second time – first in the district court and then in the Court of Appeals – but that he waived the claim. "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" Olano, supra, 507 U.S. at 733, 113 S.Ct. at 1777 (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023 (1938)). Forfeiture does not extinguish a plain error under Rule 52(b), but waiver does. Id. See also Puckett v. United States, ___ U.S. ___, 129 S.Ct. 1423, 1431 (2009). Although the footnote purported to "preserve the issue for review at another level," that unilateral, self serving declaration is clearly insufficient to *ipse dixit* circumvent the law of the Circuit that a point not argued in an initial brief on appeal is abandoned. United States v. Higdon, 418 F.3d 1136, 1137 (11th Cir. 2005) (Hull, J., concurring); United States v. Levy, 379 F.3d 1241, 1242-43 (11th Cir. 2004); United States v. Martinez, 96 F.3d 473, 475 (11th Cir. 1996).

By then, of course, it was too late and the petition was denied under the clearly established law of the Circuit.  See footnote 10, supra.

All of this is not just a procedural morass promoting form over substance at the cost of justice.  The critical upshot is that the Court of Appeals has been deprived of its opportunity and its obligation under Olano and its progeny to determine, first, whether there was plain error and, if so, second and more importantly, to exercise discretion in deciding whether that error should be "noted."  This was well explained in United States v. Mitchell, 146 F.3d 1338, 1343 (11th Cir. 1998), cert. denied, 525 U.S. 1031, 119 S.Ct. 571 (1998):

> Finally, where the first two prongs of the plain error rule established by Olano are satisfied, the defendant bears the burden of demonstrating that the plain error " 'affec[ted] substantial rights.' " Olano, 507 U.S. at 734, 113 S.Ct. 1770 (quoting Rule 52(a), Fed. R. Crim. P.).  In most cases, this means that the "error must have been prejudicial:  It must have affected the outcome of the district court proceedings." Id.  Where all of these elements are demonstrated, we have discretion to order correction of the error and will do so " 'in those circumstances in which a miscarriage of justice would otherwise result.' " See id. at 736, 113 S.Ct. 1770.  We will, for example, correct a plain forfeited error when it results in the conviction or sentencing of an actually innocent defendant. See id.  Additionally, we will reverse for plain error affecting substantial rights "if the error 'so seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' " See id. (emphasis added).

The Court again concludes without hesitation that Defendant Snipes' second issue has not been preserved for certiorari review and fails to "raise a substantial question of law likely to result in reversal [or] an order for a new trial. . . ." 18 U.S.C.

§ 3143(b)(1)(B), and his motion for bail pending certiorari as to that issue is due to be Denied.

## Conclusion

1.     The Defendant Snipes' motion for bail pending certiorari (Doc. 566) is in all respects DENIED.

2.     The Defendant Snipes is ordered and directed to surrender himself for execution of sentence in accordance with the letter notice issued by the United States Marshal on November 30, 2010 (Doc. 569).

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 1st day of December, 2010.

*[signature]*
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy
             United States Marshal
             Bureau of Prisons
             Clerk, Eleventh Circuit Court of Appeals